UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In Re:

Todd R. & Zenia I. Bowman
d/b/a Bowmna Transport
d/b/a 57-61 Arthur Street, LLC

                           Case No.: 11-20269
            Debtors.         Chapter 13

STATE OF NEW YORK)
COUNTY OF MONROE ) ss:
CITY OF ROCHESTER)

    Robert B. Gitlin, being duly sworn, deposes and says that:

    1.   Your deponent is the attorney for the claimant Lisa Sofia, and makes this affidavit to oppose the trustee's request to disallow her claim, or in the alternative, to have the court declare that the claimant is not stayed from continuing her foreclosure action as against 57-61-Arthur Street, LLC . In addition, if the court allows the claim, that the claimant be granted an Order giving adequate protection to the claimant pursuant to the Chapter 13 plan.

    2.   Claimant holds a judgment of foreclosure of her mortgage lien upon premises owned by 57-61 Arthur Street, LLC.

    3.   The trustee objects because 57-61 Arthur Street, LLC. is not the debtor, and the debtor has no personal liability.

    4.   The debtor, Zenia I. Bowman, however, is the sole member of 57-61 Arthur Street, LLC., and the membership interest is owned by the individual debtor, and therefore property of the bankruptcy estate.

    5.   The debtor's attorney has informed me that he intends to proceed to dissolve the LLC and to distribute the asset to the

debtor pursuant to §701(b) of the Limited Liability Law, thereby formalizing the holding of the real estate by the debtor(s), subject to the mortgage being foreclosed. In such case, the asset would be part of the debtor's estate.

6. Accordingly, if the real estate subject to the mortgage is to be transferred to the debtor(s), the secured claim of the Lisa Sofia should not be disallowed, and the claimant should be allowed adequate protection. If, on the other hand the claim is disallowed on the grounds asserted by the trustee, then the stay would not apply, and the claimant should be allowed to proceed with the foreclosure action.

Wherefore, it is respectfully requested that the trustee's motion be denied, and that an Order be made directing adequate protection to the claimant pursuant to the plan, or in the alternative, that the court declare that the foreclosure action of Lisa Sofia is not affected by the automatic stay and that she be permitted to continue her foreclosure action.

_/s/Robert B. Gitlin, Esq._
Attorney for Lisa Sofia
16 East Main Street, Ste 200
Rochester, New York 14614

Sworn to me this

17th day of August, 2011

/S/Sandra J. Fazio

Notary Public